298 So.2d 664

**Timothy Rex COOPER**

v.

**STATE of Alabama.**

**4 Div. 286.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

F. B. McGill, Opp, for appellant.

William J. Baxley, Atty. Gen., and Rosa Gunter Hamlett, Asst. Atty. Gen., for the State.

HOLMES, Judge.[1]

Appellant appeals from a conviction of aiding or assisting a prisoner under conviction of a felony to escape from jail and sentence imposed by the trial court of five years imprisonment in the penitentiary.

Appellant, through his able and experienced counsel, contends that the trial court erred in admitting appellant's statement-confession into evidence in that at the time of its admission there was no prior proof

of the corpus delicti, to wit, that appellant did an act to aid or assist the escapee to escape. We note appellant concedes the voluntariness of the statement.

The pertinent facts are that while appellant was a trusty in the jail he made an impression of the jail key in a bar of soap, allowed a convicted felon to obtain the bar of soap from which a key was made and used in the felon's escape. The felon was shot and killed while escaping.

It is clear from a reading of the record that appellant's statement or confession was admitted into evidence prior to proof of the corpus delicti; it is equally clear that assuming, without deciding, that this was error, it was cured by subsequent testimony.

The entire record reveals that evidence was admitted that the lock was not damaged during the escape, that appellant had access to a jail key. Additionally, a witness testified on direct examination and on cross-examination that appellant made an impression of the key on a bar of soap and allowed the deceased escapee to obtain the bar of soap.

Furthermore, the appellant himself, upon taking the witness stand, responded to the following question as follows:

"Q And did you let him make an impression of the key?

"A Yes, sir, I did."

Any error, if any committed by a trial court in admitting a statement made by appellant prior to proof of the corpus delicti, can be cured by subsequent testimony and, therefore, under those circumstances is not reversible error. See Strickland v. State, 269 Ala. 573, 114 So.2d 407; 7 Ala.Dig., Criminal Law, ☞1169.3. This is the situation in this instance.

While appellant does not argue in brief alleged error in the trial court's action in

1. July 3, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution the Chief Justice assigned to this Court the Judges of the Court of Civil Appeals for temporary service.

refusing certain written requested charges, he does allude to certain written charges and this court has reviewed these charges and finds no reversible error in the trial court's action.

Additionally, this court has examined the record in this cause and has discovered no error injurious to the rights of the appellant, and the case is, therefore, due to be affirmed.

The judgment below is hereby

Affirmed.

WRIGHT, P. J. (Ct.Civ.App.), BRADLEY, J. (Ct.Civ.App.), and TYSON and HARRIS, JJ., concur.